## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| SHELIA and BRITTNEY DRINNON, | ) | | |
| as next of kin and personal representatives | ) | | |
| of the Estate of JEFFREY DRINNON, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | Case No.: | 2:20-cv-00029 |
| | ) | | |
| CLAIBORNE COUNTY, | ) | | |
| SHERIFF ROBERT BROOKS, | ) | | |
| SGT. DEWAYNE NAPIER, | ) | | |
| DEPUTY ADAM SOUTHERN, | ) | | |
| DEPUTY CARL MOZINGO, | ) | | |
| DEPUTY BRIAN ISBELL, | ) | | |
| DEPUTY JACOB CRAWFORD, | ) | | |
| UNKNOWN  MEDICAL PROFESSIONALS, | ) | | |
| UNKNOWNJAIL OFFICERS and | ) | | |
| SOUTHERN HEALTH PARTNERS, INC., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## ANSWER

COME NOW the Defendants Claiborne County, Sheriff Robert Brooks, Sgt. Dewayne Napier, Deputy Adam Southern, Deputy Carl Mozingo, Deputy Brian Isbell and Deputy Jacob Crawford, by and through counsel, in response to Complaint herein filed against them would say to the Court as follows:

1.     The allegations in Paragraph 1 of Plaintiffs' Complaint are denied as written.

2.     These Defendants would assert that Claiborne County is a political entity in the State of Tennessee and owns the building that houses the Claiborne County Jail.

3.     The allegations in Paragraph 3 of Plaintiffs' Complaint are admitted however no duty was breached as to Plaintiff Jeffrey Drinnon.

4.     The allegations of Paragraph 4 of Plaintiffs' Complaint are denied.

5.      These Defendants admit their constitutional/statutory duties to inmates but deny any duty was breached.

6.      The allegations of Paragraph 6 of Plaintiffs' Complaint are denied.

7.      The allegations of Paragraph 7 of Plaintiffs' Complaint are admitted.

8.      These Defendants cannot respond to Paragraph 8 as written.

9.      These Defendants cannot respond to Paragraph 9 as written

## VENUE AND JURISDICTION

10.     Paragraph 10 of Plaintiffs' Complaint is a statement of their basis for their alleged claims and no response is required nor one given.

11.     These Defendants would admit that this Court has original federal question jurisdiction but would assert that this Court should decline to exercise its pendent jurisdiction of the state law claims.

12.     The allegations of Paragraph 12 of Plaintiffs' Complaint are denied. However, these Defendants would assert that should there have been any constitutional violations venue would be proper.

## GENERAL ALLEGATIONS

13.     These Defendants cannot respond to Paragraph 13 as written but would deny any implication of liability.

14.     These Defendants cannot respond to Paragraph 14 as written.

15.     These Defendants cannot respond to Paragraph 15 as written.

16.     These Defendants cannot respond to Paragraph 16 as written.

17.     Upon information and belief the allegations of Paragraph 17 of Plaintiffs' Complaint are admitted other than the detention and arrest occurred February 14, 2019.

18.     The allegations of Paragraph 18 of Plaintiffs' Complaint are denied.

19.     The allegations of Paragraph 19 of Plaintiffs' Complaint are denied.

20.     The allegations of Paragraph 20 of Plaintiffs' Complaint are denied.

21.     The allegations of Paragraph 21 of Plaintiffs' Complaint are denied.

22.     The allegations of Paragraph 22 of Plaintiffs' Complaint are denied.

23.     The allegations of Paragraph 23 of Plaintiffs' Complaint are denied.

24.     Upon information and belief the statements in Paragraph 24 of Plaintiffs' Complaint are admitted.

25.     These Defendants would assert that the autopsy report speaks for itself.

26.     The allegations of Paragraph 26 of Plaintiffs' Complaint are denied and strict proof is demanded thereof.

27.     The allegations of Paragraph 27 of Plaintiffs' Complaint are denied.

28.     These Defendants admit the first sentence of Paragraph 28 of Plaintiffs' Complaint.  The remaining allegations of Paragraph 28 are not directed toward these Defendants so no response is required nor one given but would deny any allegations of negligence.

29.     The allegations of Paragraph 29 of Plaintiffs' Complaint are denied.

30.     The allegations of Paragraph 30 of Plaintiffs' Complaint are denied.

31.     The allegations of Paragraph 31 of Plaintiffs' Complaint are denied.

32.     The allegations of Paragraph 32 of Plaintiffs' Complaint are denied.

33.     The allegations of Paragraph 33 of Plaintiffs' Complaint are denied.

34.     The allegations of Paragraph 34 of Plaintiffs' Complaint are denied.

35.     The allegations of Paragraph 35 of Plaintiffs' Complaint are denied.

**CLAIMS UNDER THE U.S. CONSTITUTION AND 42 U.S.C. § 1983**
**COUNT 1**

## EXCESSIVE FORCE AND FAILURE TO PROTECT

36.     These Defendants restate their responses to Paragraphs 1 through 35 of Plaintiffs' Complaint as if adopted verbatim herein.

37.     The allegations of Paragraph 37 of Plaintiffs' Complaint are denied in that no excessive force or assault occurred against Mr. Drinnon.

38.     The allegations of Paragraph 38 of Plaintiffs' Complaint are denied.

39.     The allegations of Paragraph 39 of Plaintiffs' Complaint are denied.

40.     The allegations of Paragraph 40 of Plaintiffs' Complaint are denied.

41.     The allegations of Paragraph 41 of Plaintiffs' Complaint are denied.

These Defendants deny that Plaintiffs are entitled to that for which they demand against the Defendant Officers.

## COUNT II
## EXCESSIVE FORCE – CUSTOM/FAILURE TO TRAIN

42.     These Defendants incorporate their responses to Paragraphs 1 through 41 of Plaintiffs' Complaint as if repeated verbatim herein.

43.     The allegations of Paragraph 43 of Plaintiffs' Complaint are denied in that no excessive force or assault occurred against Mr. Drinnon.

44.     The allegations of Paragraph 44 of Plaintiffs' Complaint are denied.

45.     The allegations of Paragraph 45 of Plaintiffs' Complaint are denied.

46.     The allegations of Paragraph 46 of Plaintiffs' Complaint are denied.

47.     The allegations of Paragraph 47 of Plaintiffs' Complaint are denied.

48.     The allegations of Paragraph 48 of Plaintiffs' Complaint are denied.

These Defendants deny that Plaintiffs are entitled for that which they demand against Claiborne County.

## COUNT III
## DENIAL OF MEDICAL CARE
### *AGAINST THE DEFENDANT OFFICERS*
### *and CLAIBORNE COUNTY (MONELL LIABILITY)*

49. These Defendants incorporate their responses to Paragraphs 1 through 48 of Plaintiffs' Complaint as if repeated verbatim herein.

50. These Defendants deny the allegations of Constitutional Violations in Paragraph 50 of Plaintiffs' Complaint.

51. The allegations of Paragraph 51 of Plaintiffs' Complaint are denied.

52. The allegations of Paragraph 52 of Plaintiffs' Complaint are denied.

53. The allegations of Paragraph 53 of Plaintiffs' Complaint are denied.

54. The allegations of Paragraph 54 of Plaintiffs' Complaint are denied.

These Defendants deny that the Plaintiffs are entitled to that for which they demand against the officers and Claiborne County.

## COUNT IV
## DENIAL OF MEDICAL CARE
### *AGAINST SOUTHERN HEALTH PARTNERS (MONELL LIABILITY)*

55. These Defendants incorporate their responses to Paragraphs 1 through 54 of Plaintiffs' Complaint as if repeated verbatim herein.

56. These Defendants would assert that Plaintiff Jeffrey Drinnon received adequate medical care while he was in the custody of Claiborne County Jail.

57. These Defendants would assert that SHP provided Plaintiff Jeffrey Drinnon with adequate medical care.

58. The allegations of Paragraph 58 of Plaintiffs' Complaint are denied.

59. The allegations of Paragraph 59 of Plaintiffs' Complaint are denied.

60. The allegations of Paragraph 60 of Plaintiffs' Complaint are denied.

These Defendants deny that the Plaintiffs are entitled to that which they demand against the officers and Claiborne County.

## CLAIMS UNDER THE LAWS OF TENNESSEE

### COUNT IV
### ASSAULT AND BATTERY
### *AGAINST THE DEFENDANT ARRESTING OFFICERS*

61.     These Defendants incorporate their responses to Paragraphs 1 through 60 of Plaintiffs' Complaint as if repeated verbatim herein.

62.     The allegations of Paragraph 62 of Plaintiffs' Complaint are denied.

63.     The allegations of Paragraph 63 of Plaintiffs' Complaint are denied.

These Defendants deny that Plaintiffs are entitled to that for which they demand against the Defendants.

### COUNT V
### NEGLIGENCE/GROSS NEGLIGENCE
### *AGAINST THE DEFENDANT JAIL OFFICERS*

64.     These Defendants incorporate their responses to Paragraphs 1 through 63 of Plaintiffs' Complaint as if repeated verbatim herein.

65.     These Defendants would assert that Plaintiff did not breach any duty to Mr. Drinnon and strict proof is demanded thereof.

66.     The allegations of Paragraph 66 of Plaintiffs' Complaint are denied.

67.     The allegations of Paragraph 67 of Plaintiffs' Complaint are denied.

68.     The allegations of Paragraph 68 of Plaintiffs' Complaint are denied.

These Defendants deny that the Plaintiffs are entitled to that for which they pray in their prayer for relief.

## AFFIRMATIVE DEFENSES

70.     These Defendants rely upon the defense of Statute of Limitations as tot his claim.

71.     These Defendants would assert that Jeffrey Drinnon was never tased and therefore the claim should be dismissed.

72.     These Defendants affirmatively assert that the Complaint does not state a claim upon which relief can be granted as to the Defendants and as such must be dismissed pursuant to Rule 12(b)(1) and Rule 12(b)(6).

73.     These Defendants would aver that the Plaintiffs have failed to show any action taken by these Defendants that would entitle them to recover under 42 U.S.C. § 1983.

74.     At all times material, these Defendants acted in good faith within the mandates of both federal and state laws.

75.     Any allegation in Plaintiffs' Complaint which accuse these Defendants of any statutory violation or other acts are specifically denied.

76.     These Defendants would assert that they have complied with the requirements of the State of Tennessee and the federal government with regard to the Plaintiffs' constitutional rights.

77.     These Defendants assert and rely upon all applicable defenses and immunities including, but not limited to, those enumerated in the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101 et seq., the United States Constitution, the statutes of the United States including, but not limited to, 42 USC § 1983.

78.     These Defendants deny that the Plaintiff Jeffrey Drinnon suffered any injuries or damages as a proximate result of any negligent act or omission on their part.

79.     These Defendants would assert that the Plaintiffs have not shown that these Defendants committed any violation of the deceased's constitutional rights or alleged any act that rises to the level of a federal question.

80.     These Defendants would assert that the Plaintiffs' allegations against Claiborne County appear to be under the doctrine of *respondeat superior* which is inapplicable in cases of alleged governmental liability and as such Claiborne County must be dismissed from this claim.

81.     These Defendants would deny that they, at any time relevant, in any way, exhibited deliberate indifference to Plaintiffs' medical needs.

82.     Any allegations in the Plaintiffs' Complaint which accuse these defendants of any statutory violations and/or other acts are specifically denied.

83.     These Defendants would show that any acts or omissions taken relevant to the Plaintiff in this cause of action by the Defendants, Brooks, Napier, Southern, Mozingo, Isbell and Crawford were done in their official capacity and as such they are entitled to common law governmental immunity as well as qualified immunity and rely upon any and all defenses and immunities contained in the Governmental Tort Liability Act pursuant to T.C.A. § 29-21-101 et seq.

84.     These Defendants would further aver that the acts complained of by the Plaintiffs occurred within the scope of the Defendants official duties and these Defendants are absolutely immune or have qualified immunity for the performance of said acts in such capacity.

85.     The Defendant Claiborne County specifically relies upon the provisions of the Governmental Tort Liability Act as they apply to discretionary functions.

86.     The Defendant Claiborne County relies upon the limits of liability set forth in the Governmental Tort Liability Act.

87.     These Defendants would assert that the Plaintiffs have sued Robert Brooks in his individual capacity as Sheriff in error and would assert that any acts or omissions taken relevant to the Plaintiffs' cause of action by Sheriff Brooks, if any, were done in his official capacity and, as such, he is entitled to common law and governmental immunity as well as qualified immunity and relies upon any and all defenses and immunities contained in the Governmental Tort Liability Act pursuant to T.C.A. § 29-20-101 et seq.  These Defendants would further assert that the allegations of liability against the Sheriff in this cause is without foundation in law pursuant to T.C.A. § 8-8-301.  The Plaintiffs have failed to state any personal acts or failure to act on the part of the Defendant Brooks and Defendant Brooks moves for dismissal.

88.     These Defendants would aver that the Defendants acted reasonably and appropriately under the conditions existing at that time.

89.     Any and all allegations of Plaintiffs' statement of their claim not heretofore admitted, denied or explained are hereby denied.

90.     These Defendants deny that the Plaintiffs have suffered any damage as a proximate result of any actions taken or not taken by these Defendants.

91.     These Defendants respectfully reserve the right to plead further according to the Federal Rules of Civil Procedure and allege any other affirmative defenses that may be available to them as discovery takes place.

WHEREFORE, now having fully answered the Plaintiffs' Complaint, these Defendants request the Court dismiss this claim with the costs taxed to the Plaintiffs or in the alternative a jury to try those issues which it is permitted.

Respectfully submitted:

/s/ Rhonda L. Bradshaw
Rhonda L. Bradshaw - 014082
Attorney for Defendants Claiborne County,
Sheriff Robert Brooks, Sgt. Dewayne Napier,
Deputy Adam Southern, Deputy Carl Mozingo,
Deputy Brian Isbell, Deputy Jacob Crawford
800 S. Gay Street, Suite 1400
Knoxville, TN  37929

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2020, a copy of the foregoing Answer was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

/s/ Rhonda L. Bradshaw
Rhonda L. Bradshaw